UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BUENA MARSHALL, and DEBORAH LOUDERMILK,<br><br>　　　　Defendants. | No. 2:11-cr-00458-GEB<br><br>**TRIAL CONFIRMATION ORDER** |

　　　　Trial in the above-captioned case, scheduled to commence on March 3, 2015, at 9:00 a.m., was confirmed at the hearing held on January 30, 2015.

**EVIDENTIARY DISPUTES**

　　　　All evidentiary disputes capable of being resolved by in limine motions shall be set forth in such motions no later than February 16, 2015. Oppositions to the motions or statements of non-opposition shall be filed no later than February 20, 2015. Reply briefs shall be filed no later than February 24, 2015. Hearing on the motions will commence at 9:00 a.m. on February 27, 2015.

　　　　Any reasonably anticipated dispute concerning the admissibility of evidence that is not briefed in an in limine motion shall be included in trial briefs. E.D. Cal. R. 285(a)(3).

**TRIAL PREPARATION**

  A. No later than five court days before trial, the following documents shall be filed:[1]

    (1) proposed jury instructions and a proposed verdict form;

    (2) proposed voir dire questions to be asked by the Court;

    (3) trial briefs; and

    (4) a joint statement or joint proposed jury instruction that can be read to the jury during voir dire that explains the nature of the case.

  B. The government's exhibits shall be numbered with stickers. Should the defendants elect to introduce exhibits at trial, such exhibits shall be designated by alphabetical letter with stickers. Defendants shall meet and confer concerning the marking of their exhibits to avoid duplication. The parties may obtain exhibit stickers from the Clerk's Office.

  C. The parties estimate it will take approximately eleven (11) court days to try the case, which includes closing arguments. Each side indicated twenty (20) minutes is sufficient for voir dire, which may be used after the judge completes judicial voir dire.[2] Two (2) alternate jurors will be empaneled.

  The "struck jury" system will be used to select the jury. The struck jury system is "designed to allow both the prosecution and the defense a maximum number of peremptory

---

[1] Defendants need not file a trial brief and/or proposed jury instructions if they have tactical or other reasons for not complying with this portion of the order.

[2] Defendants will equally split the time allotted for defense voir dire.

1 challenges. The venire . . . start[s] with about 3[6] potential
2 jurors, from which the defense and the prosecution alternate[]
3 with strikes until a petite panel of 12 jurors remain[s]." Powers
4 v Ohio, 499 U.S. 400, 404-05 (1991); see also United States v.
5 Esparza-Gonzalez, 422 F.3d 897, 899 (9th Cir. 2005) (discussing
6 the "struck jury" system).

7        The Jury Administrator randomly selects potential
8 jurors and places their names on a list that will be provided to
9 each party in the numerical sequence in which they were randomly
10 selected. Each juror will be placed in his or her randomly-
11 selected seat. The first 12 jurors on the list will constitute
12 the petit jury unless one or more of those 12 is excused for some
13 reason. Assuming that the first listed juror is excused, the
14 thirteenth listed juror becomes one of the twelve jurors.

15        The Courtroom Deputy will give each juror a large
16 laminated card on which their number is placed. When questions
17 are posed to the jurors as a group, they will be asked to raise
18 their number if they have a response. Generally, jurors will be
19 given an opportunity to respond in numerical order.

20        Following the voir dire questioning, each side will
21 take turns exercising its peremptory challenges. The parties will
22 be given a sheet of paper ("strike sheet") upon which they shall
23 silently exercise their peremptory challenges in the manner
24 specified on the strike sheet, commencing with Defendant, by
25 passing the strike sheet back and forth until all peremptory
26 challenges are used or waived.[3] See Esparza-Gonzalez, 422 F.3d at

---

[3] Prospective alternate juror peremptory challenges "may be used only to remove alternate jurors." Fed. R. Crim. P. 24(c)(4).

899 ("Beginning with the defense, each side exercises its . . . peremptory strikes on an alternating basis."). If a side elects to pass rather than exercise a particular peremptory challenge, that challenge is waived.[4]

     Alternate jurors will be retained after the jury retires to deliberate; however, the alternate jurors are no longer required to appear in court unless directed to appear by the Courtroom Deputy.

     D.   It was agreed at the confirmation hearing that each side has up to twenty (20) minutes to make an opening statement and up to one hundred and twenty (120) minutes to make a closing argument.[5] The government may decide how to allocate its total time for closing argument between its opening and rebuttal arguments.[6]

     IT IS SO ORDERED.

Dated: January 30, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[4] See id. (discussing waiver of peremptory challenges in "struck jury system"); see generally United States v. Yepiz, 685 F.3d 840, 845-46 (9th Cir. 2012) (indicating "'use it or lose it' voir dire practice" is authorized if "the composition of the panel" does not change).

[5] Defendants will equally split the time allotted for defense opening statements and closing arguments.

[6] See United States v. Patterson, 678 F.2d 774, 781 (9th Cir. 1982) (discussing the district court's discretion in limiting the length of closing arguments).

4