UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:11-cr-00458-GEB |
| Plaintiff, | |
| v. | **PROPOSED TRIAL DOCUMENTS** |
| BUENA MARSHALL, and DEBORAH LOUDERMILK, | |
| Defendants. | |

Attached are the Court's proposed voir dire questions and preliminary jury instructions. Any proposed modifications should be submitted as soon as practicable.

Dated:  February 27, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:11-cr-00458-GEB |
| Plaintiff, | |
| v. | **VOIR DIRE** |
| BUENA MARSHALL, and DEBORAH LOUDERMILK, | |
| Defendants. | |

          Good morning and welcome to the United States District Court. Thank you for your presence and anticipated cooperation in the jury selection questioning process we are about to begin. You are performing an important function in our legal system.

          The court personnel who will assist me in this trial are on the platform below me. The Courtroom Deputy is Shani Furstenau. Next to her is the Certified Court Reporter.

          We are about to begin what is known as voir dire. The purpose of voir dire is to determine whether you can be a fair and impartial juror on this case. Near or at the end of the process, each party can use a certain amount of what are called peremptory challenges, which excuse a potential juror from

1

sitting as a juror on this case.  A potential juror can also be excused for other reasons.

1.   Ms. Furstenau, please administer the oath to the panel.

2.   Counsel, the Jury Administrator randomly selected potential jurors and placed their names on the sheet that has been given to each party in the numerical sequence in which they were randomly selected. Each juror has been placed in his or her randomly-selected seat. The Courtroom Deputy has given each juror a large laminated card on which the number is placed, which reflects the order in which the juror was randomly selected.

3.   I will ask a series of questions to the jurors as a group. If you have a response, please raise the number you've been given. Generally, you will be given an opportunity to respond in accordance with the numerical order in which you are seated, with the juror in the lowest numbered seat responding first. If no number is raised, I will simply state "no response" for the record and then ask the next question. If you know it is your turn to respond to a question, you may respond before I call your name or your seat number, by stating your last name or just your seat number, then your response. That should expedite the process.

2

4.    If you conclude any question unduly pries into your private affairs and you, therefore, wish to discuss it privately, let me know. While I'm authorized under law to protect your legitimate privacy interest, I may ask some questions about the matter you indicate you want to discuss privately to determine whether it, or any aspect of the matter, should be discussed in open court. This approach is taken because the trial should be open unless I have a legitimate reason to close an aspect of it.

5.    It is estimated that it will take _____ court days for the parties to present evidence and closing arguments to you, after which you will retire to deliberate. Trial will be conducted on Tuesdays, Wednesdays, and Thursdays, from 9:00 a.m. to about 4:30 p.m. However, once you commence jury deliberations, you will be expected to deliberate every day except weekends from 9:00 a.m. to about 4:30 p.m. until you complete your deliberations. Does this schedule present a special problem to any member of the jury panel?

6.    This is a criminal case brought by the United States against the defendants, Buena Marshall and Deborah Loudermilk. The indictment charges defendant Marshall with four counts. The indictment charges defendant Loudermilk with two counts. The defendants are charged with mail fraud in each of their respective counts. The indictment is a description of the

3

charges against the defendants; it is not evidence.

The defendants have pleaded not guilty to the charges and are presumed innocent unless and until proven guilty beyond a reasonable doubt.

7.   Raise your number if there is any reason why you could not be a fair juror in this case.

8.   Raise your number if there is any reason why you will not be able to give your full attention to this case.

9.   Raise your number if you will not be able to decide this case based solely on the evidence presented at the trial or if you are opposed to judging a witness's credibility.

10.   Raise your number if you will not apply the law I will give you if you believe a different law should apply.

11.   The attorneys for the parties in this action may introduce themselves; the government's attorneys shall read the names of all witnesses it intends to call.

Defense counsel may introduce their clients.

Raise your number if you know or have had any interaction with any person just introduced or named.

12.   Raise your number if you have ever served as a juror in the past.

State whether it was a civil or criminal case, and state whether the jury reached a verdict, but do not state the actual verdict reached.

13.  Raise your number if you, any member of your family, or any close friend has ever been employed by a law enforcement agency, including military law enforcement?

Is there anything about the experience which might cause you to favor or disfavor either party in this case or make it difficult for you to be a juror in this case?

14.  Raise your number if you would tend to believe the testimony of a witness just because that witness is a law enforcement officer and for no other reason?

15.  On the other hand, raise your number if you would tend not to believe testimony of a witness just because that witness is a law enforcement officer?

16.  Raise your number if you, any member of your family, or any close friend has ever been arrested or charged for a crime or been a defendant in a criminal case?

Could what you just communicated have a bearing on your ability to be an impartial juror in this case?

17.  Raise your number if you have any difficulty with the rule of law that a person charged with a crime is presumed innocent and need not present any evidence, and the government at all times bears the burden of proving guilt beyond a reasonable doubt?

18.  Raise your number if you have any problem with the rule of law that the defendant need not testify on her own

5

behalf, and that if the defendant chooses not to testify, that factor may not be considered by you in your deliberations?

19.  Raise your number if you have had any experience or are aware of anything that could have a bearing on your ability to be a fair and impartial juror in this case.

20.  Now, I am going to ask you to put yourselves in the position of each lawyer and party in this case. Raise your number if you have information that you think should be shared before each side is given an opportunity to exercise what are called peremptory challenges.

21.  The Courtroom Deputy Clerk will give juror number one a sheet on which there are questions that I want each of you to answer. Please pass the sheet to the juror next to you after you answer the questions. The sheet asks you to state:

Your name and your educational background and the educational background of any person residing with you; and

Your present and former occupations and the present and former occupations of any person residing with you.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     v.<br><br>BUENA MARSHALL, and DEBORAH<br>LOUDERMILK,<br><br><br>             Defendants. | No. 2:11-cr-00458-GEB<br><br><br>**PRELIMINARY JURY INSTRUCTIONS** |

PRELIMINARY INSTRUCTION NUMBER 1


Ladies and Gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

1

PRELIMINARY INSTRUCTION NUMBER 2

I am now going to give you jury admonitions that you must remember. When we take recesses, I may reference these admonitions by telling you to remember the admonitions or something similar to that. You are required to follow these admonitions whether or not I remind you to remember them:

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, Facebook, text messaging, or any Internet chat room, blog, website, App, or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone

2

else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

Third, if you need to communicate with me, simply give a signed note to my courtroom clerk, or to the court reporter if my courtroom clerk is not present, who will give it to me.

The law requires these admonitions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

3

PRELIMINARY INSTRUCTION NUMBER 3


This is a criminal case brought by the United States government. The government charges the defendants, Buena Marshall and Deborah Loudermilk, with multiple counts of mail fraud.

The charges against the defendants are contained in the indictment. The indictment simply describes the charges the government brings against the defendants. The indictment is not evidence and does not prove anything.

The defendants have pleaded not guilty to the charges and are presumed innocent unless and until the government proves the defendants guilty beyond a reasonable doubt.

In addition, each defendant has the right to remain silent and never has to prove innocence or to present any evidence.

PRELIMINARY INSTRUCTION NUMBER 4


The evidence you are to consider in deciding what the facts are consists of:

the sworn testimony of any witness;

the exhibits that are received into evidence; and

any facts to which the parties agree.

PRELIMINARY INSTRUCTION NUMBER 5

The following things are not evidence and you may not consider them in deciding what the facts are:

First, questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers will say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

Second, testimony that I exclude, strike, or instruct you to disregard is not evidence.

Third, anything you may see or hear when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

PRELIMINARY INSTRUCTION NUMBER 6

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

PRELIMINARY INSTRUCTION NUMBER 7


Although the defendants are being tried together, you must give separate consideration to each defendant. In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against the other defendant. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to the other defendant.

8

PRELIMINARY INSTRUCTION NUMBER 8


During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time during the trial you cannot hear what is said or see what is shown, let me know so that I can correct the problem.

PRELIMINARY INSTRUCTION NUMBER 9


If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left on the seat on which you are seated.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

PRELIMINARY INSTRUCTION NUMBER 10


From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference.

PRELIMINARY INSTRUCTION NUMBER 11


The next phase of the trial will now begin. First, each party may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence, and counsel for the defendants may cross-examine. Then, if the defendants choose to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case, and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.