1

2

3

4                    UNITED STATES DISTRICT COURT

5                    EASTERN DISTRICT OF CALIFORNIA

6

7   UNITED STATES OF AMERICA,          No.  2:11-cr-00458-GEB

8                Plaintiff,

9        v.                            **PROPOSED TRIAL DOCUMENTS**

10  BUENA MARSHALL, and DEBORAH
    LOUDERMILK,

11
                 Defendant.

12

13          Attached   are   the   Court's   proposed   closing   jury

14  instructions and verdict forms. Any proposed modifications should

15  be submitted as soon as practicable.

16          Further, the following jury instructions, proposed by

17  the  parties,  are  still  being  considered:  The  government's

18  proposed jury instructions, (ECF No. 159), pages[1] 20-22, 23-27,

19  41-42, and 45-46; and Defendant Loudermilk's proposed jury Ninth

20  Circuit Model Criminal Jury Instructions Nos. 7.7 (Deadlocked

21  Jury) and 7.10 (Readback or Playback).

22  Dated:  March 3, 2015

23

24                                   _____

25                                   GARLAND E. BURRELL, JR.
                                     Senior United States District Judge

26

27  _____
    [1]      For ease of reference, since the government's proposed instructions are
28  unnumbered, the page numbers used herein reference the CM/ECF page numbering
    at the top of each page.

                                     1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

            Plaintiff,

      v.

BUENA MARSHALL, and DEBORAH
LOUDERMILK,

            Defendants.

No. 2:11-cr-00458-GEB

**CLOSING JURY INSTRUCTIONS**

Instruction No.

Members of the jury, now that you have heard all the evidence and the arguments of the parties, it is my duty to instruct you on the law which applies to this case. Each of you is in possession of a copy of these jury instructions, which you may take into the jury room for your use during deliberations if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. Do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

1

Instruction No.

The indictment is not evidence. The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent unless and until the government proves the defendants guilty beyond a reasonable doubt. In addition, each defendant has the right to remain silent and never has to present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

Instruction No.


Proof beyond a reasonable doubt is proof that leaves you firmly convinced a defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant guilty.

Instruction No.


You are here only to determine whether each defendant is guilty or not guilty of the charges in the indictment. The defendants are not on trial for any conduct or offense not charged in the indictment.

Instruction No.


A separate crime is charged against Defendant Buena Marshall in counts 2, 4, 6, and 7 of the indictment, and against Defendant Deborah Loudermilk in counts 3 and 5 of the indictment. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each charged count unless a specific instruction states that it applies only to a specific defendant or a specific count.

Instruction No.


[A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that [a / the] defendant[s] did not testify.]


**or**


[Defendant[s] _____ has[have] testified. You should treat this/their testimony just as you would the testimony of any other witness.]

6

Instruction No.


You have heard testimony that a defendant made a statement. It is for you to decide whether the defendant made the statement, and if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Instruction No.


The evidence you are to consider in deciding what the facts are consists of:

the sworn testimony of any witness;

the exhibits that are received into evidence; and

any facts to which the parties agree.

Instruction No.


The following things are not evidence and you may not consider them in deciding what the facts are:

First, questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

Second, testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

Third, anything you have seen or heard when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Instruction No.


Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Instruction No.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

the opportunity and ability of the witness to see or hear or know the things testified to;

the witness's memory;

the witness's manner while testifying;

the witness's interest in the outcome of the case and any bias or prejudice;

whether other evidence contradicted the witness's testimony;

the reasonableness of the witness's testimony in light of all the evidence; and

any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

11

Instruction No.


You have heard testimony from Tamika Reed, Jake Weathers, Reginald Dodson, Sr., and Kadesta Harris, witnesses who pleaded guilty to crimes arising out of the same events for which the defendants are on trial. These guilty pleas are not evidence against the defendants, and you may consider them only in determining the believability of these witnesses.

For this reason, in evaluating the testimony of Tamika Reed, Jake Weathers, Reginald Dodson, Sr., and Kadesta Harris, you should consider the extent to which or whether their testimony may have been influenced by this factor. In addition, you should examine the testimony of Tamika Reed, Jake Weathers, Reginald Dodson, Sr., and Kadesta Harris with greater caution than that of other witnesses.

Instruction No.


You have heard testimony from an informant who was involved in the government's investigation in this case. Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, in order to investigate criminal activities. Undercover agents and informants may use false names and appearances and assume roles.

Instruction No.


Defendant Buena Marshall is charged with mail fraud, in violation of Section 1341 of Title 18 of the United States Code, in Count Two, Count Four, Count Six and Count Seven of the indictment.

Defendant Deborah Loudermilk is charged with mail fraud, in violation of Section 1341 of Title 18 of the United States Code, in Count Three and Count Five of the indictment.

In order for a defendant to be found guilty of mail fraud, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, the decision of the person or entity to whom or which they are addressed;

Third, the defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, the

14

mails for the purpose of executing the scheme, or incident to an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

Instruction No.


The intent to defraud can be established by circumstantial evidence. You may consider evidence of a defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted with the intent to defraud.

If the defendant acted with a reckless indifference to whether a statement was true or false, you may find that she acted with the intent to defraud.

If the defendant had an honest, good faith belief in the truth of a misrepresentation, she did not act with the intent to defraud. However, a defendant's belief that the victims will be repaid or will sustain no loss is no defense to the crime.

Instruction No.


If you decide a defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what they said or did.

For a defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

17

Instruction No.


A defendant may be found guilty of mail fraud, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.

To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, mail fraud was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced, or procured that person with respect to at least one element of mail fraud; and

Third, the defendant acted with the intent to facilitate mail fraud; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit mail fraud.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal

18

venture with advance knowledge of the crime, and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

Instruction No.


With respect to mail fraud, an act is done knowingly if a defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that her acts or omissions were unlawful.

You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Instruction No.


You may find that a defendant acted knowingly if you find beyond a reasonable doubt that the defendant:

was aware of a high probability that one or more materially false statements were made to a lender in connection with the purchase of a property; and

deliberately avoided learning the truth.


You may not find such knowledge, however, if you find that the defendant actually believed that no false statements were made to a lender in connection with the purchase a property, or if you find that the defendant was simply careless.

Instruction No.


It is not relevant to your decision on the charges in the indictment whether the mortgage lender that funded the loans in this case did or did not exercise ordinary prudence in relation to the transactions alleged to be part of the scheme.

Instruction No.

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Instruction No.


          The  punishment  provided  by  law  for  the  charged  crime
is  for  the  court  to  decide.  You  may  not  consider  punishment  in
deciding  whether  the  government  has  proved  its  case  against  each
defendant  beyond  a  reasonable  doubt.

Instruction No.


Verdict forms have been prepared for you. After you have reached unanimous agreement on the verdicts, your presiding juror will fill in the forms that will be given to you, sign and date them, and advise the United States Marshal's representative outside your door that you are ready to return to the courtroom.

Instruction No.


If it becomes necessary during your deliberations to communicate with me, you may send a note through the United States Marshal's representative, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

       Plaintiff,

   v.

BUENA MARSHALL,

       Defendant.

No. 2:11-CR-458 GEB

**VERDICT FORM**

WE, THE JURY, FIND THE DEFENDANT, BUENA MARSHALL, AS FOLLOWS:

AS TO COUNT TWO OF THE INDICTMENT, Mail Fraud, in violation of Title 18, United States Code, Section 1341, with respect to the mailing of a check on or about 10/31/06 in connection with the 3262 Wailea Circle transaction:

NOT GUILTY _____     GUILTY _____

///
///
///
///
///

1

1        AS TO COUNT FOUR OF THE INDICTMENT, Mail Fraud, in

2   violation of Title 18, United States Code, Section 1341, with

3   respect to the mailing of a check on or about 12/1/06 in

4   connection with the 772 Rambleton Drive transaction:

5

6           NOT GUILTY _____     GUILTY _____

7

8        AS TO COUNT SIX OF THE INDICTMENT, Mail Fraud, in

9   violation of Title 18, United States Code, Section 1341, with

10  respect to the mailing of a check on or about 12/11/06 in

11  connection with the 548 Star Lilly Drive transaction:

12

13          NOT GUILTY _____     GUILTY _____

14

15       AS TO COUNT SEVEN OF THE INDICTMENT, Mail Fraud, in

16  violation of Title 18, United States Code, Section 1341, with

17  respect to the mailing of a deed of trust on or about 1/25/07 in

18  connection with the 543 Springs Road transaction:

19

20          NOT GUILTY _____     GUILTY _____

21

22

23  (*Please date, sign, and return this verdict.*)

24  Dated this _____ day of _____, 2015.

25

26                          _____

27                          PRESIDING JUROR

28

                                2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:11-CR-458 GEB |
|---|---|
| Plaintiff, | |
| v. | **VERDICT FORM** |
| DEBORAH LOUDERMILK, | |
| Defendant. | |

WE, THE JURY, FIND THE DEFENDANT, DEBORAH LOUDERMILK, AS FOLLOWS:

AS TO COUNT THREE OF THE INDICTMENT, Mail Fraud, in violation of Title 18, United States Code, Section 1341, with respect to the mailing of a deed of trust and a settlement statement on or about 11/3/06 in connection with the 1812 Virginia Street transaction:

NOT GUILTY _____     GUILTY _____

///

///

///

///

1

1          AS  TO  COUNT  FIVE  OF  THE  INDICTMENT,  Mail  Fraud,  in

2    violation  of  Title  18,  United  States  Code,  Section  1341,  with

3    respect to the mailing of checks and a settlement statement on or

4    about   12/8/06   in   connection   with   the   1412   Klamath   Drive

5    transaction:

6

7          NOT GUILTY _____        GUILTY _____

8

9    *(Please date, sign, and return this verdict.)*

10   Dated this _____ day of _____, 2015.

11

12                          _____

13                                          PRESIDING JUROR

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2